EDGAR A. HOPGOOD, Plaintiff and Appellee, *v.* PORTO RICAN AND AMERICAN INSURANCE COMPANY, Defendant and Appellant.

No. 8383.   Argued March 20, 1942.—Decided April 24, 1942.

*Brown, González & Newsom,* and *R. Rodríguez Antongiorgi* for appellant. *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

On December 2, 1938, while driving his automobile Edgar A. Hopgood struck and killed a pedestrian. The heirs of the latter sued Hopgood and obtained judgment for $3,500. Hopgood then brought this suit to compel the appellant insurance company to pay the said judgment on the ground that an insurance policy written by the appellant covered the said accident. The insurance company set up as a special defense that on August 24, 1938, Hopgood's license to drive an automobile had been suspended; that the suspension was still in effect on the date of the accident; and that the policy contained a provision that it did not cover an accident in which the automobile was driven by a person not authorized to drive. The district court held that the said suspension was void. The case is here on appeal from the judgment of the district court ordering the appellant insurance company to pay the judgment rendered against Hopgood.

Section 5(*m*) of Act No. 93, Laws of P. R., 1925, provides that the Commissioner of the Interior may under certain circumstances suspend drivers' licenses. Such action, which can be taken *ex parte* without affording the driver

a hearing, may be very serious to the driver, at times involving his livelihood.  We have held that this power and duty involves the exercise of judgment and discretion of a high order on the part of the Commissioner of the Interior. *People* v. *Hernández*, 41 P.R.R. 497.

■ On August 24, 1938, R. González Requena, Acting Assistant Commissioner of the Interior, wrote Hopgood that, in view of an automobile accident in which he had been involved, "your license as an automobile driver is hereby suspended . . . ''.  The appellant contends that this letter was not the suspension itself but only the notification thereof, and that we must presume that the Commissioner himself suspended the license.  But the clear import of the letter was that by its terms the Acting Assistant Commissioner was suspending the license.  The appellant did not object to the introduction in evidence of a certified copy of the letter. And when counsel for Hopgood tried to go behind the document, the appellant strenuously objected, arguing that "the document speaks for itself."  In sustaining his objections, the district court stated that "the presumption is that Mr. *Requena* complied with all the requisites of law in *suspending* the license of the plaintiff."  (Italics ours).  Moreover, as the suspension was a special defense of the appellant, it was incumbent upon it to establish it.  The lower court was wholly justified in finding that the license was suspended by the Acting Assistant Commissioner.

■ The appellant contends that suspension of the license by the Acting Assistant Commissioner was proper by virtue of §172 of the Political Code, which reads as follows:

"In case of the death, resignation or removal of the head of any department, office or bureau of the Insular Government, or his disability or temporary absence, the assistant or deputy of such department, office or bureau, shall, unless otherwise provided by law. perform the duties of such principal officer until his successor shall have been appointed, qualified and entered upon the duties of the office, or until such disability or absence shall cease."

The lower court, however, held that the Assistant Commissioner of the Interior is not "the assistant" of a department, as defined by §172 of the Political Code. It comes to this conclusion because there is no special law by which the office of Assistant Commissioner of the Interior was created and the duties thereof defined. Indeed, the only legislation purporting to create this office has been a provision for the the salary therefor in the general appropriation bill in recent years.

This court has decided several cases which shed some light on this question. We have held that the position of Municipal Judge at Large can not be created by inclusion of a provision therefor in the general appropriation bill. *People* v. *District Court,* 48 P.R.R. 479. In that case the court said at page 481:

". . . It is true that the eighth paragraph of section 34 of our Organic Act allows, by way of an exception, that appropriation acts may cover more than one subject, but it is clear that such subject must refer to appropriation items, and not to any legislation of a general character which should not be included in an appropriation act. The fifteenth paragraph removes all doubt on the point, since it provides that the appropriation bill shall embrace only appropriations for the ordinary expenses of the three departments of the Government, for the payment of interest on the public debt, and for public schools."

One of the questions involved in *Landrón* v. *Quiñones,* 52 P.R.R. 82, was whether the position of Law Clerk to the Public Service Commission had been validly created. The only legislation in connection therewith was a provision in the general appropriation bill of the previous year under the heading "Public Service Commission" for "Law Clerk _____$4000." The court ruled, at page 86, that "the Legislature merely appropriated a certain amount as the salary of a law clerk. It did not attempt to create any office." The court concluded that such a Law Clerk was an employee, and not a public officer. Since a general provision of law

existed authorizing the Public Service Commission to employ such employees as it found necessary, the court apparently held that it would be proper for the Public Service Commission to hire someone as such Law Clerk and to pay him the salary provided in the general appropriation bill. *Ortiz Reyes* v. *Auditor,* 56 P.R.R. 836, held to the same effect, that positions for " . . . employees whose jobs arise in the ordinary course of government may be created by the general appropriation bill." (Page 842.) See also *Santaella* v. *Garrido,* 50 P.R.R. 141, 148.

We need not determine in this case whether (*a*) the position of Assistant Commissioner exists, but that the incumbent is a mere employee, as in the *Landrón* and *Ortiz Reyes* cases, or whether (*b*) no such office exists, since it involves the exercise of executive powers and discretion by a public officer, and may therefore be created only by a special act, as we held in *People* v. *District Court, supra.* In either event, the result in this case is the same: No office of "assistant" exists within the Department of the Interior which carries with it the powers and duties prescribed by §172 of the Political Code.

■ The appellant nevertheless asserts that the suspension of Hopgood's license was by a *de facto* officer whose acts can not be collaterally attacked. But in *Annoni* v. *Blas Nadal's Heirs,* 94 F (2d) 513, the Circuit Court of Appeals for the First Circuit held that in order that there may be a *de facto* officer, there must be a *de jure* office to be filled. And we have just seen that no office exists within the Department of the Interior within the meaning of §172 of the Political Code. The Legislature has recognized this situation and has passed S. B. 272, which is pending before the Governor for approval or veto. This is a bill to reorganize the Department of the Interior. It provides in §3 as follows:

"There shall be an Assistant Commissioner of the Interior who shall perform the work assigned to him by the Commissioner, for

whom he shall substitute in case of absence, sickness, or resignation, and he may represent the Commissioner in his official capacity on all the boards, meetings, or institutions of which the Commissioner is a member in accordance with the laws of Puerto Rico.''

This suit therefore does not involve a collateral attack on the act of a *de facto* officer. The office of ''the assistant'', within the meaning of §172, does not exist, and the suspension of a driver's license by any person purporting to act in such a capacity is wholly void on its face and may therefore be assailed by the driver in this proceeding.

We wish to make it clear that we confine the holding in this case to its facts. Such things as the public interest, complete or partial performance of contracts, and the nature and surrounding circumstances of the acts performed, would require our consideration before passing on the validity of other action in the past by anyone purporting to act as Assistant Commissioner of the Interior.

In view of the result we have reached, we find it unnecessary to pass on the question of whether the action of the Acting Assistant Commissioner in suspending Hopgood's license was invalid, on the ground that the Commissioner of the Interior was not temporarily absent on the date this action was taken. We expressly leave open the question whether that contention can be made as a collateral attack in a suit of this nature.

The appellant finally relies on the doctrine of equitable estoppel. We find nothing in this case to warrant the application of that doctrine. Hopgood did nothing to mislead the insurance company or to induce it to change its position. On the contrary, he insisted he had complied with all the conditions of the policy and called on the insurance company to defend the suit against him, which the company refused to do. The company set up the defense of suspension of his license, and chose to rely on it. It can not now transfer to Hopgood the risk it ran in relying on an act of the

Acting Assistant Commissioner of the Interior which both parties had equal means of ascertaining was wholly void on its face.

The judgment of the district court will be affirmed.

Mr. Justice Travieso did not participate herein.